No. 20-20575

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GEORGE DANIEL MCGAVITT,
*Defendant-Appellant.*

Appeal from the United States District Court
For the Southern District of Texas

**REPLY BRIEF OF APPELLANT**

LEWIS THOMAS
CHERÍ THOMAS
Lewis Thomas Law PC
1210 West Clay Street, Suite 12
Houston, Texas 77019
Tel.:  (281) 513-9880
Fax:  (713) 955-9662
lewisthomaslaw@gmail.com

*Attorneys for Defendant-Appellant*

# TABLE OF CONTENTS

**TABLE OF CONTENTS**.................................................................i

**TABLE OF AUTHORITIES**...................................................ii

**ARGUMENT** ............................................................................1

   I.   The application of USSG § 2G2.1(b)(4)(A)'s four-level "sadistic or masochistic" enhancement constitutes clear error. ...........................1

   II. The application of USSG § 2G2.1(b)(3)'s two-level "distribution" enhancement constitutes plain error. .................................................9

   III.  The application of the USSG § 2G2.1(b)(2)(A)'s two-level "sexual act or sexual conduct" enhancement constitutes plain error… ...................................................................................10

**CONCLUSION**.......................................................................13

**CERTIFICATE OF SERVICE** ............................................14

**CERTIFICATE OF COMPLIANCE**....................................15

# TABLE OF AUTHORITIES

**Cases**

*United States v. Canada*, Nos. 96-30319 and 96-30320, 1997 U.S. App.

    LEXIS 12789 (5th Cir. Apr. 7, 1997)......................................................6

*United States v. Comeaux*, 445 F. App'x 743 (5th Cir. 2011) ...................5

*United States v. Corp*, 668 F.3d 379 (6th Cir. 2012) ...............................7

*United States v. Cover*, 800 F.3d 275 (6th Cir. 2015) ..............................8

*United States v. Crittenden*, 372 F.3d 706 (5th Cir. 2004) ......................9

*United States v. Delmarle*, 99 F.3d 80 (2d Cir. 1996)..............................6

*United States v. Desadier*, 495 F. App'x 501 (5th Cir. 2012)...................4

*United States v. Dickson*, 632 F.3d 186 (5th Cir. 2011) ...................12, 13

*United States v. Ehret*, 807 F. App'x 330 (5th Cir. 2020) ........................5

*United States v. Fuller*, 77 F. App'x 371 (6th Cir. 2003) .........................6

*United States v. Garrett*, 190 F.3d 1220 (11th Cir. 1999) .......................6

*United States v. Johnson*, 784 F.3d 1070 (7th Cir. 2015)........................6

*United States v. Kimbrough*, 69 F.3d 723 (5th Cir. 1995).......................4

*United States v. Lyckman*, 235 F.3d 234 (5th Cir. 2000) ........................5

*United States v. Nesmith*, 866 F.3d 677 (5th Cir 2017)......................2, 3

*United States v. Parker*, 267 F.3d 839 (8th Cir. 2001) ............................7

*United States v. Randall*, 924 F.3d 790 (5th Cir. 2019) ......................... 12

*United States v. Starr*, 533 F.3d 985 (8th Cir. 2008)............................... 6

## Other Authorities

*United States v. Desadier*, No. 11-31110, Appellee's Br. (5th Cir. July 9,
    2012).................................................................................................... 4

*United States v. Ehret*, No. 18-41159, Appellant's Br. (5th Cir. July 15,
    2019).................................................................................................... 5

USSG § 2G2.1 ............................................................................................ 9

USSG § 3D1.2 ........................................................................................... 12

# ARGUMENT

Though McGavitt objects to and disagrees with many contentions presented in the Government's responsive brief, this reply is limited solely to those contentions warranting a response. Contentions not addressed in this reply are sufficiently addressed by the facts and arguments presented in McGavitt's opening brief.

## I. The application of USSG § 2G2.1(b)(4)(A)'s four-level "sadistic or masochistic" enhancement constitutes clear error.

The essence of the Government's response is encapsulated by its conclusion that a young teen's[1] masturbation with a hair-brush handle is "no less painful (either physically or emotionally) than sexual penetration by an adult male." Gov't Br. 33. According to the Government, a girl masturbating is not only sadistic, it is as disturbing physically and emotionally as statutory rape. This view is not only prude and sexist, it is preposterous.

---

[1] The Government asserts that MV1 was 12 at the time she made the relevant video, but record evidence shows she was 13. ROA.2 ¶5 ("MV1 (birth year of 2005)"); ROA.173 ¶24(c) ("This a video file that is 22 seconds in length depicting MV1, who is 13 years of age. . . .").

The Government emphasizes that the video was produced at McGavitt's "behest" (Gov't Br. 30, 33), but the Government does not dispute that this is completely irrelevant to the analysis. Nothing in the video would lead an objective observer to believe that MVI produced the video at McGavitt's "behest," and an image portrays sadistic conduct only "where it depicts conduct that an objective observer would perceive as causing the victim in the image physical or emotional pain contemporaneously with the image's creation." *United States v. Nesmith*, 866 F.3d 677, 681 (5th Cir 2017).

The Government does not dispute that "[T]he inquiry should focus on an observer's view of the image—what is portrayed and depicted— rather than the viewpoint of either the defendant or the victim." *Id.* at 680. Because an observer's view of the video does not reveal that it was produced as McGavitt's "behest," this is irrelevant. MV1's suggestion that she was "supposed to" self-penetrate using a butter knife is irrelevant to the analysis for the same reason. An objective observer would have no knowledge of this allegation because it was not portrayed or depicted in the video. The Government's suggestion that this bolsters the district court's determination is contrary to the *Nesmith* standard.

The facts surrounding the production of the video are bad, but these facts are irrelevant under *Nesmith*. *See id.* at 680-81. This Court should not let bad facts make bad law, particularly because those bad facts are irrelevant to application the sadism enhancement. McGavitt was charged with sexual exploitation of a child for the purpose of producing child pornography; he pled guilty to the charge and received punishment. However, the sadism enhancement does not apply in this case where the pornography at issue is not sadistic.

In an effort to show otherwise, the Government emphasizes that the hairbrush handle was "made of hard plastic." The Government also emphasizes the size of the hairbrush handle, describing it as "sizeable" at "around" three-quarters of an inch in width, one inch in height, and five inches in length.[2] Gov't Br. 29-30. But the case law distinguishes between prepubescent and postpubescent girls for good reason. It is not uncommon for postpubescent girls to insert "hard plastic" tampon applicators of approximately the same size into their vaginas. One does not need a medical degree to grasp this basic and well-known information

---

[2] The Government cites paragraph 24 of the PSR for these measurements, but the PSR does not contain any measurements. ROA.173 (PSR ¶ 24).

concerning the hygiene of postpubescent girls. An objective observer would not perceive MV1's actions as causing her physical or emotional pain contemporaneously with the image's creation.

Neither this Court nor any other circuit court has held that a teen masturbating using the handle of a hairbrush is inherently sadistic or would be perceived by an objective observer as sadistic. The Government's assertion that the district court's determination aligns with established precedent is false. Most of the "established precedent" cited by the Government is unpublished, and as such, not precedent. 5th Cir. R. 47.5. More importantly, none of the cases by the Government are analogous to this case.

None of the 5th Circuit cases cited by the Government are on point. *Desadier* and *Kimbrough* involved images of children in bondage. *United States v. Desadier*, 495 F. App'x 501 (5th Cir. 2012); *United States v. Desadier*, No. 11-31110, Appellee's Br. at 8 (5th Cir. July 9, 2012) ("Specifically, some of the images depict a child in bondage and others portray anal penetration of young children by adult males."); *United States v. Kimbrough*, 69 F.3d 723, 734 (5th Cir. 1995) ("The PSR stated

that 'Two of the child pornography pictures admitted into evidence are those of a female minor in bondage.'").

*Ehret*, *Comeaux*, and *Lyckman* all involved prepubescent girls. *United States v. Ehret*, 807 F. App'x 330 (5th Cir. 2020); *United States v. Ehret*, No. 18-41159, Appellant's Br. at 27-28 (5th Cir. July 15, 2019) (describing a video showing the anal and vaginal self-penetration of prepubescent girl with what the district court determined to be a sex toy)[3]; *United States v. Comeaux*, 445 F. App'x 743, 744 (5th Cir. 2011) (describing a video of defendant performing oral sex on 10 year old step daughter, directing her to masturbate, and forcing her to perform oral sex on him); *United States v. Lyckman*, 235 F.3d 234, 236 (5th Cir. 2000) (describing images including the sexual assault of 12 year old girl and prepubescent girls having sex with adult males).

---

[3] The Government cites to a footnote in *Ehret* for the proposition that "sexual penetration of a child by herself would be masochistic conduct." Gov't Br. 31.   *Ehret* involved anal and vaginal self-penetration of prepubescent girl with what the district court determined to be a sex toy. *Ehret*, No. 18-41159, Appellant's Br. at 27-28.   Moreover, this Court's statement in *Ehret* that "sexual penetration of a child by herself would be masochistic conduct" was footnote dicta in an unpublished case. *See Ehret*, 807 F. App'x at 334 n.5.   The Court did not reach the issue of whether the images at issue were sadistic because the defendant waived his right to appeal the issue. *Id.* at 333-34.

Finally, *Canada* did not involve any analysis of whether the material in the images was sadistic because the defendant in that case did not challenge the district court's characterization of the material as sadistic. *United States v. Canada*, Nos. 96-30319 and 96-30320, 1997 U.S. App. LEXIS 12789, at *12 n.5 (5th Cir. Apr. 7, 1997).

Cases from other circuits cited by the Government are similarly unhelpful. As explained in McGavitt's opening brief, *Starr* and *Johnson* did not apply *Nesmith*'s "objective observer" standard and are distinguishable on the facts. Opening Br. 19-21; *United States v. Johnson*, 784 F.3d 1070, 1075 (7th Cir. 2015); *United States v. Starr*, 533 F.3d 985, 1001-02 (8th Cir. 2008).

*Fuller*, *Garrett*, and *Delmarle* all involved prepubescent children. *United States v. Fuller*, 77 F. App'x 371, 384 (6th Cir. 2003) ("the pictures found on defendant's computer included images of sexual penetration of prepubescent girls"); *United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999) (expert testified images "involved children between eight and 11 years of age being penetrated vaginally and anally by adult males. One photograph depicted an 11 year old girl with a glass soda bottle in her vagina."); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996)

6

("Medical practitioners . . . estimated the age of the boy to be 8 or 9. It is also plain that a cylindrical object, of a circumference sufficiently substantial . . . , is being inserted by an adult hand into the child's anus.").

The Eighth Circuit's holding in *Parker* rested on the depiction of adult males engaging in sadistic sexual conduct. *See United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001). Although the court did note an image of "sexual penetration by a minor girl upon herself by using a large carrot," it also noted images of "forced oral sex, an adult male ejaculating into the face and open mouth of a crying baby, and adult males standing over and urinating in the face of a female child." *Id.* Ultimately, the court "determine[d] that when a pornographic image depict[ed] an adult male engaging in the sexual conduct of [that] nature," the conduct qualified as sadistic. *Id.*

*United States v. Cover* and *United States v. Corp* are instructive in this case. *Corp* involved sexually explicit images of postpubescent girls. *United States v. Corp*, 668 F.3d 379, 382-83 (6th Cir. 2012). Relying heavily on *Lyckman*, the Sixth Circuit remanded the case to the district court to reconsider its application of the sadism enhancement. *Id.* at 388-91. The court explained that while cases involving prepubescent children

or bondage are inherently sadistic, an image involving ejaculation in the face of a postpubescent girl was "more complicated." *Id.* at 390. The court noted that the girl's expression did not convey what could objectively be perceived as a manifestation of humiliation or disgust. *Id.*

The Sixth Circuit also found merit in an objection to the sadism enhancement in *United States v. Cover*. Cover involved a video depicting an 11- to 13-year-old girl engaging in "oral to genital intercourse with a male." *United States v. Cover*, 800 F.3d 275, 279 (6th Cir. 2015). The court held there was insufficient evidence to support the sadism enhancement because there was "no indication that [the girl] was visibly pained or prepubescent." *Id.* at 280. Likewise, in the present case, there is insufficient evidence to support the sadism enhancement because there was no indication that MV1 was pained or prepubescent.

The district court erred by applying the four-level enhancement for an offense involving material portraying "sadistic or masochistic" conduct. There was no evidence that an objective observer would perceive the video of the young teen apparently voluntarily masturbating using the handle of hairbrush, as causing the teen physical or emotional

pain contemporaneously with the video's creation, and such conduct is not inherently sadistic or masochistic.

## II. The application of USSG § 2G2.1(b)(3)'s two-level "distribution" enhancement constitutes plain error.

The district court also obviously erred by applying the two-level "distribution" enhancement to McGavitt. The Government points to the well-established case law that, "If the language of the guideline is unambiguous, [this Court's] inquiry begins and ends with the plain meaning of that language." Gov't Br. 35 (citing *United States v. Crittenden*, 372 F.3d 706, 708 (5th Cir. 2004)). Yet, the Government conveniently ignores the plain language of the guideline. The plain and language of USSG § 2G2.1 explicitly excludes from definition of distribution "the mere solicitation of [material involving the sexual exploitation of a minor] by a defendant." USSG § 2G2.1 cmt. n.1.

As the Government avers, the facts are undisputed. McGavitt solicited images of MV1, and she sent them to him. Gov't Br. 37-38. Under the plain text of the Guidelines, McGavitt merely solicited this

material.[4]  The district court's error was clear and obvious under the plain, explicit language of the Guidelines.  The district court plainly erred by applying the two-level "distribution" enhancement to McGavitt.

## III. The application of the USSG § 2G2.1(b)(2)(A)'s two-level "sexual act or sexual conduct" enhancement constitutes plain error.

The district court further erred by applying the two-level "sexual act or sexual conduct" enhancement to McGavitt.  The Government asserts that the district court properly considered the alleged sexual conduct relevant conduct because it occurred "[s]quarely in the midst of" sexually explicit messages between McGavitt and MV1.  Gov't Br. 52-53. But the Government concedes that MV1 did not send McGavitt pornographic images of herself until weeks after the alleged sexual conduct.  Gov't Br. 52-53.

In *United States v. King*, the defendant pled guilty to producing child pornography but argued that the enhancement for sexual conduct should not have been applied because, while there was no dispute he had sexual contact with the complaining child (including after showers and

---

[4] Unlike the defendant in *United States v. Hernandez*, 894 F.3d 1104, 1107-08 (9th Cir. 2018), McGavitt did not send child pornography to MV1.

baths), the sexual contact did not occur on the dates of production of child pornography. *King*, 979 F.3d 1075, 1082-83 (5th Cir. 2020). Noting that the enhancement applied whenever the sexual contact could be considered relevant contact, this Court determined "[t]he question [was] thus whether the district court committed plain error . . . by concluding that the sexual contact between [the defendant] and a child 'occurred during' the production of child pornography or 'in preparation for' the production of child pornography." *Id.* at 1083. This Court concluded that the district court did not err because the district court could have reasonably inferred that defendant's "posing" the children for the pornography involved sexual contact. *Id.*

Here, unlike in *King*, there is no dispute that the alleged sexual contact between McGavitt and MV1 did *not* 'occur during' the production of child pornography or 'in preparation for' the production of child pornography. McGavitt could not have physically touched MV1 during or in preparation of the production of child pornography because he was in another state. The Government concedes that the alleged sexual contact took place weeks before the production of child pornography, and there is no evidence in the record that the sexual contact induced MV1 to

produce child pornography. Moreover, none of the images or videos at issue depict any sexual acts or conduct between McGavitt and MV1. The district court plainly erred by considering the alleged sexual contact as relevant conduct. *See also United States v. Randall*, 924 F.3d 790, 796-801 (5th Cir. 2019) (vacating and remanding for resentencing under plain error standard where the district court improperly considered certain conduct as relevant conduct).

The district court also erred by applying the two-level "sexual act or sexual conduct" enhancement to McGavitt because the conduct underlying one count cannot enhance another count when grouped under USSG § 3D1.2(b) and (c). *United States v. Dickson*, 632 F.3d 186, 190-91 (5th Cir. 2011). Unlike for counts grouped under USSG § 3D1.2(d), the Guidelines do not explicitly say that the offense level is determined by the combined offense behavior taken as a whole. *Id.* Consequently, the district court was required to apply enhancements before grouping to determine the highest total offense level. *Id.*

The Government does not dispute that, pursuant to binding precedent, the district court was supposed to apply enhancements before grouping. Gov't Br. 58 (citing *Dickson*, 632 F.3d at 190-91). Instead,

12

without any evidence that the district court did so, the Government claims that the district court did apply enhancements before grouping. Gov't Br. 58-59 (citing ROA.177 PSR ¶42). The Government emphasizes the district court's use of the phrase "highest offense level" to suggest that the district court calculated the highest total offense level of each count, but there is no evidence of such calculation, and there is no reason to conclude that the phrase "highest offense level" referred to the highest total offense level rather than the highest base offense level. In fact, it is evident that the court did not apply enhancements to individual counts because it applied the sexual conduct enhancement to the entire group.

The district court erred when it determined the highest offense level without first applying enhancements, and the court further erred when it enhanced the total offense level for the group based on the alleged sexual conduct. *Dickson*, 632 F.3d at 191. The district court's application of the two-level "sexual act or sexual conduct" to McGavitt in this manner was plainly erroneous.

## CONCLUSION

In light of the many sentencing issues in this case, McGavitt respectfully requests remand to the district court for resentencing.

Respectfully submitted,

s/ Lewis Thomas
LEWIS THOMAS
CHERÍ THOMAS
Lewis Thomas Law PC
1210 West Clay Street, Suite 12
Houston, Texas 77019
Tel.: (281) 513-9880
Fax: (713) 955-9662
lewisthomaslaw@gmail.com

*Attorneys for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I certify that on the 31st day of May 2021, I electronically filed the

Reply Brief of Defendant-Appellant with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to Assistant

United States Attorney Carmen Castillo Mitchell and Assistant United

States Attorney Andrew Sand via electronic mail.

s/ Lewis Thomas
LEWIS THOMAS

# CERTIFICATE OF COMPLIANCE

1. This reply brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,256 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook in body text and 14-point Century Schoolbook in footnotes.

3. This reply brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because the brief has been redacted of any personal data identifiers.

4. This reply brief complies with the electronic submission of 5th Cir. R. 25.2.1 because this brief is an exact copy of the paper document.

s/ Lewis Thomas
LEWIS THOMAS