No. 20-20575

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GEORGE DANIEL MCGAVITT,
*Defendant-Appellant.*

Appeal from the United States District Court
For the Southern District of Texas

## PETITION FOR REHEARING EN BANC

LEWIS THOMAS
CHERÍ THOMAS
Lewis Thomas Law PC
4801 Woodway Drive, Suite 480E
Houston, Texas 77056
Tel.:  (281) 513-9880
Fax:  (713) 955-9662
lewisthomaslaw@gmail.com

*Attorneys for Defendant-Appellant*

## CERTIFICATE OF INTERESTED PERSONS
United States v. George Daniel McGavitt
No. 20-20575

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case:

1. The Honorable Gray H. Miller, United States District Judge;

2. George Daniel McGavitt, Defendant-Appellant;

3. United States of America, Plaintiff-Appellee;

4. Counsel for Plaintiff-Appellee: (former) United States Attorney Ryan K. Patrick (in district court), Assistant United States Attorney Sherri Lynn Zack (in district court), and Assistant United States Attorney Carmen Castillo Mitchell (on appeal);

5. Counsel for Defendant-Appellant: Lewis Thomas (in district court and on appeal) and Cherí Thomas (on appeal).

These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

s/ Lewis Thomas
LEWIS THOMAS
*Attorney for Defendant-Appellant*

i

## RULE 35(b)(1) STATEMENT

The panel decision in this case conflicts with the precedent of this Court.  Consideration by the full Court is therefore necessary to secure and maintain uniformity of the court's decisions.

The panel erred by holding that a 13 year-old girl, apparently masturbating using the handle of a hairbrush, would be perceived by an objective observer as sadistic, or as causing herself physical or emotional pain.

In so holding, the panel purported to apply the standard articulated in *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017), but did not actually do so.  Instead, the panel referenced *Nesmith* and several inapposite cases without meaningful analysis, explanation, or application, and summarily concluded that an objective observer would consider a young teen girl, self-penetrating herself with a hairbrush handle, sadistic.

Neither *Nesmith*, nor any of the other cases cited by the panel, support this conclusion.  En banc review "is necessary to secure or maintain uniformity of the court's decisions."  Fed. R. App. P. 35(a)(1).

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**...................................i

**RULE 35(b)(1) STATEMENT**...................................................ii

**TABLE OF CONTENTS**.......................................................... iii

**TABLE OF AUTHORITIES**.....................................................iv

**ISSUE MERITING EN BANC CONSIDERATION** ............................1

**COURSE OF PROCEEDINGS AND SUMMARY OF FACTS** ..........1

**ARGUMENT AND AUTHORITIES**.........................................5

   I.   The law does not support the panel's conclusion. ...........................6

   II.  The facts do not support the panel's conclusion............................11

**CONCLUSION**.......................................................... 16

**CERTIFICATE OF SERVICE** ................................................. 17

**CERTIFICATE OF COMPLIANCE**........................................ 18

# TABLE OF AUTHORITIES

## Cases

*United States v. Abrego*, 997 F.3d 309 (5th Cir. 2021) .............................7

*United States v. Canada*, Nos. 96-30319 and 96-30320, 1997 U.S. App. LEXIS 12789 (5th Cir. Apr. 7, 1997) .....................................................11

*United States v. Cloud*, 630 F. App'x 236 (5th Cir. 2015) .......................10

*United States v. Comeaux*, 445 F. App'x 743 (5th Cir. 2011) .................10

*United States v. Corp*, 668 F.3d 379 (6th Cir. 2012) ..............................13

*United States v. Cover*, 800 F.3d 275 (6th Cir. 2015) .............................14

*United States v. Delmarle*, 99 F.3d 80 (2d Cir. 1996).............................13

*United States v. Johnson*, 784 F.3d 1070 (7th Cir. 2015)...................3, 16

*United States v. Kimbrough*, 69 F.3d 723 (5th Cir. 1995).......................10

*United States v. Lyckman*, 235 F.3d 234 (5th Cir. 2000) .........................7

*United States v. Nesmith*, 866 F.3d 677 (5th Cir. 2017)................. passim

*United States v. Tanaka*, No. 20-50171, 2021 U.S. App. LEXIS 22790 (5th Cir. Aug. 2, 2021) (per curiam) .....................................................11

## Statutes

18 U.S.C. § 2251(a) and (e)........................................................................1

18 U.S.C. § 2422(b) ...................................................................................1

18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) ........................................1

## Other Authorities

U.S.S.G. §2G2.2(b)(2) ...............................................................................13

USSG § 2G2.1(b)(4)(A)...................................................................... passim

USSG § 5G1.1(a) .........................................................................................4

## Rules

Fed. R. App. P. 35 ................................................................................ii

## ISSUE MERITING EN BANC CONSIDERATION

Whether the panel erred by holding that that a 13 year-old girl, apparently masturbating using the handle of a hairbrush, would be perceived by an objective observer as sadistic, or as causing herself physical or emotional pain.

## COURSE OF PROCEEDINGS AND SUMMARY OF FACTS

This case arises from a three-count indictment charging McGavitt with coercion and enticement, in violation of 18 U.S.C. § 2422(b) (Count One); (2) sexual exploitation of a child for the purpose of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count Two); and (3) possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count Three). ROA.31-34.

McGavitt pleaded guilty to all three counts. ROA.111. The presentence investigation report ("PSR") calculated the Total Offense Level to be 43, in part by adding four levels under USSG § 2G2.1(b)(4)(A) on the ground that the offense involved "material that portrays sadistic or masochistic conduct or other depictions of violence." ROA.177-78 (PSR ¶¶ 39-55). With a Total Offense Level of 43 and a Criminal History

Category of I, the advisory Guidelines sentence was life imprisonment. ROA.182 (PSR ¶ 79).

McGavitt filed a written objection to the PSR's assessment of a four-level enhancement under USSG § 2G2.1(b)(4)(A). ROA.163.

The enhancement was based on one video involving allegedly "sadistic or masochistic conduct or other depictions of violence." ROA.175. Specifically, the PSR referenced a video showing the young teen "lying down on a bed while completely nude" and "inserting the handle of a hairbrush into her vagina." ROA.175. The PSR noted that the teen's "face is visible throughout the video" but did not provide any information regarding her expression or demeanor. ROA.175.

In McGavitt's objection, he pointed out that images in the video did not meet the definition of "sadistic or masochistic" under the standard articulated in *United States v. Nesmith*, 866 F.3d 677 (5th Cir. 2017). ROA.163-64. Nothing about the images in the video would cause an objective observer to perceive that the young teen experienced physical or emotional pain contemporaneous with the images' creation. ROA.163-64. McGavitt pointed out that the depiction showed no force, violence, or pain. ROA.164.

In an Addendum to the PSR, the Probation Office responded to McGavitt's objection as follows:

> The U.S. Probation Officer maintains it is reasonable to determine that that a child inserting a hairbrush into her vagina could cause her physical or emotional pain; thus, the 4-level enhancement pursuant to U.S.S.G. §2G2.1(b)(4)(A), for sadistic and masochistic conduct is applicable.

ROA.190. The Probation Office also referenced two cases from other circuits in which self-penetration with foreign objects supported application of the enhancement. ROA.190 (citing *United States v. Starr*, 533 F.3d 985 (8th Cir. 2008) (involving anal penetration with a foreign object) and *United States v. Johnson*, 784 F.3d 1070 (7th Cir. 2015) (involving penetration with a screwdriver).

The Government filed a written response to McGavitt's objection to the USSG § 2G2.1(b)(4)(A) enhancement. In pertinent part, the Government concurred with the response of the Probation Office and further stated:

> Causing a minor to insert foreign objects into her vagina is more than likely going to cause pain, humiliation and embarrassment, especially when it is done to assert power and control over the minor. The Defendant caused the victim physical and mental pain and humiliation.

ROA.194.

At the sentencing hearing before the trial court, defense counsel voiced McGavitt's objection to the PSR's assessment of the four-level enhancement. ROA.121-22 ("I would ask the Court to rule based on the definition that the Fifth Circuit has laid out that that's not [] sadistic content.").

The district court overruled McGavitt's objection to the § 2G2.1(b)(4)(A) enhancement, adopted the PSR, and then sentenced McGavitt to a within-Guidelines sentence of life imprisonment.[1] ROA.124-25.

McGavitt timely appealed.[2]  ROA.71.

On appeal, McGavitt argued the district court misapplied the Guidelines and reversibly erred by applying USSG § 2G2.1(b)(4)(A)'s four-level sadism enhancement, when there was no evidence that an objective observer would perceive the video as causing the teen physical

---

[1] McGavitt received a sentence of life imprisonment for Count 1. Because Counts 2 and 3 had statutory maximum sentences of 30 years and 10 years, respectively, McGavitt received concurrent sentences of 30 years for Count 2 and 10 years for Count 3, ROA.62; *see generally* USSG § 5G1.1(a). The district court's judgment also imposed a $300 special assessment and 15 years supervised release but no fine. ROA.63-66.

[2] All other facts relevant are included in argument below.

or emotional pain contemporaneously with the video's creation.  Opening Br. 13-21.

The panel disagreed, summarily concluding that, "an objective observer would perceive the conduct depicted in the video at issue 'as causing [MV1] physical or emotional pain contemporaneously with the image's creation."  Panel Op. 6.  The panel cited *Nesmith* but did not explain how *Nesmith* led to its conclusion.  The panel "underscore[d]" MV1's age (13) and the object used (a hairbrush handle), but the panel relied upon cases involving images of bondage, sexual devices, and penetration of prepubescent children by adults.

This timely petition for rehearing followed.

## ARGUMENT AND AUTHORITIES

The panel's holding that the video is sadistic conflicts with *Nesmith*. Although the facts surrounding the production of the video are bad, these facts are irrelevant under *Nesmith*.  866 F.3d at 680-81.  This Court should not let bad facts make bad law, particularly because those bad facts are irrelevant to application of the sadism enhancement.  McGavitt was charged with sexual exploitation of a child for the purpose of producing child pornography; he pled guilty to the charge and received

punishment. However, the sadism enhancement does not apply in this case where the pornography at issue is not sadistic.

## I.    The law does not support the panel's conclusion.

The four-level enhancement under USSG § 2G2.1(b)(4)(A) applies when the "offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence." This Court considers images to be "sadistic" if they depict conduct causing a minor pain— physical, emotional, or both. *See, e.g., United States v. Lyckman*, 235 F.3d 234, 239 (5th Cir. 2000) (holding that "the conduct depicted by the photographs caused the children pain, physical or emotional or both, and therefore constitutes sadism or violence within the meaning of the guideline").

Whether a particular image can be classified as portraying sadistic or masochistic conduct under § 2G2.1(b)(4)(A) is an objective determination. *Nesmith*, 866 F.3d at 679-80. As this Court held in *Nesmith*, an image portrays sadistic conduct only "where it depicts conduct that an objective observer would perceive as causing the victim in the image physical or emotional pain contemporaneously with the image's creation." *Id.* at 681. "[T]he inquiry should focus on an observer's

view of the image—what is portrayed and depicted—rather than the viewpoint of either the defendant or the victim." *Id.* at 680.

"The Government has the burden of demonstrating by a preponderance of the evidence the facts necessary to support a Guidelines enhancement." *United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021). In this case, the Government—perhaps recognizing that the video content alone was not sadistic—repeatedly took the position that the video at issue was sadistic because McGavitt requested the video. ROA.194; Gov't Br. 30, 33. This position was clearly inconsistent with the standards this Court articulated in *Nesmith*.

Under the *Nesmith* standard, the images do not rise to the level of "sadistic or masochistic." To the extent production of the video may have been subjectively painful, coercive, abusive, or degrading, there is nothing about the material portrayed in the video that made it objectively so. The video does not depict a prepubescent child, and the teen's expression does not convey what could objectively be perceived as a manifestation of humiliation or disgust.

Nothing in the video itself, or the PSR's description of the video, would lead an objective observer to believe that anyone was "causing" the

young teen to insert a hairbrush handle into her vagina. Nor would anything in the video cause an objective observer to perceive anyone was "assert[ing] power and control over the minor," as suggested by the Government. ROA.194. The young teen was alone in the video, and there was no suggestion in the video that anyone other than the teen herself chose to insert the hairbrush handle into her own vagina. *See* ROA.175. Consequently, it would appear to an objective observer that young teen was voluntarily masturbating with a hairbrush, not self-flagellating or otherwise causing herself pain.

Subjective determinations about the thoughts, intentions, or feelings of the teen or McGavitt are irrelevant. *Nesmith*, 866 F.3d at 679-80. An objective observer would have no idea McGavitt existed. To an objective observer, it would appear the teen took the video herself and of her own volition. Although her actions may have been the result of manipulation by McGavitt, this was not apparent in the video. Without regard to the undepicted circumstances surrounding the video, an objective observer would not conclude the teen was contemporaneously experiencing pain.

Nonetheless, the panel conclusorily held that an objective observer would conclude the teen was contemporaneously experiencing pain. The panel cited the *Nesmith* standard but did not explain why an objective observer would perceive apparent self-penetration by a young teen as sadistic. The panel noted it had considered several cases in arriving at its conclusion, but none of the cases listed supports the panel's conclusion. Indeed, the cases are easily distinguishable.

*Kimbrough* involved images of children in bondage. *United States v. Kimbrough*, 69 F.3d 723, 734 (5th Cir. 1995). The two image files at issue in *Kimbrough* were described as "Bound and Gagged Spread in Chair" and "Same Girl Almost Same Position." *Id.* at. 734. "The PSR stated that 'Two of the child pornography pictures admitted into evidence are those of a female minor in bondage.'" *Id.*

*Cloud, Comeaux*, and *Lyckman* all involved images of prepubescent children engaging sexually with adults. *United States v. Cloud*, 630 F. App'x 236, 237 (5th Cir. 2015) (unpublished) (involving five videos of a mother engaging in sexual activity with her seven-year-old son, including the mother performing oral sex on the seven-year-old); *United States v. Comeaux*, 445 F. App'x 743, 744 (5th Cir. 2011) (unpublished) (describing

a video of defendant performing oral sex on his 10-year-old step daughter, directing her to masturbate, and forcing her to perform oral sex on him); *United States v. Lyckman*, 235 F.3d 234, 236 (5th Cir. 2000) (concluding images of prepubescent girls having sex with adult males were sadistic).

*Tanaka* involved video footage of an adult male subjecting a minor to "various forms of sexual assault, including rape and forced oral sex, over her verbal objections." *United States v. Tanaka*, No. 20-50171, 2021 U.S. App. LEXIS 22790, at *8 (5th Cir. Aug. 2, 2021) (per curiam) (unpublished).

*Canada* did not involve any analysis of whether the material in the images was sadistic because the defendant in that case did not challenge the district court's characterization of the material as sadistic. *United States v. Canada*, Nos. 96-30319 and 96-30320, 1997 U.S. App. LEXIS 12789, at *12 n.5 (5th Cir. Apr. 7, 1997) (unpublished).

The conduct depicted in the video in this case bears no relation to the conduct at issue in the cases cited by the panel. The video in this case did not involve bondage or any other sort of restraint. The video in this case did not involve prepubescent children or sexual activity with adults.

The video in this case did not depict sexual assault, rape, or any forced sexual activity.

For these reasons, this En Banc Court should find that the court failed to follow *Nesmith* when it applied the § 2G2.1(b)(4)(A) enhancement to McGavitt.

## II. The facts do not support the panel's conclusion.

In support of its conclusion that an objective observer would perceive the conduct depicted in the video as causing pain, the panel "underscore[d]" MV1's age (13)[3] and the object used (a hairbrush handle). Panel Op. 6.

MV1's age does not support the court's conclusion. Quoting *Lyckman*, the panel notes that this court has found that the sadism enhancement "is warranted when the sexual act depicted is likely to cause pain in one so young." However, the "so young" language in *Lyckman* references prepubescent children, and is a quote from *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996), which involved a

---

[3] The panel properly considered MV1's age as 13 (Panel Op. 2.), since there was conflicting evidence as to whether MV1 was 12 or 13, and the Government had the burden to demonstrate MV1's age. *See Abrego*, 997 F.3d at 312 ("The Government has the burden of demonstrating by a preponderance of the evidence the facts necessary to support a Guidelines enhancement.").

photograph of nude boy approximately 8-9 years old. MV1 was not 8-9 years old; nor was she prepubescent. A prepubescent minor is a minor who has not attained the age of 12 years. *See, e.g.,* U.S.S.G. §2G2.2(b)(2). MV1 was 13 years old. Neither this Court nor any other circuit court has previously held that a 13-year-old masturbating using an item typically found around the house is inherently sadistic or would be perceived by an objective observer as sadistic.

United States v. Cover* and *United States v. Corp* are instructive. *Corp* involved sexually explicit images of postpubescent girls. *United States v. Corp*, 668 F.3d 379, 382-83 (6th Cir. 2012). Relying heavily on *Lyckman*, the Sixth Circuit remanded the case to the district court to reconsider its application of the sadism enhancement. *Id.* at 388-91. The court explained that while cases involving prepubescent children or bondage are inherently sadistic, an image involving ejaculation in the face of a postpubescent girl was "more complicated." *Id.* at 390. The court noted that the girl's expression did not convey what could objectively be perceived as a manifestation of humiliation or disgust. *Id.*

The Sixth Circuit also found merit in an objection to the sadism enhancement in *United States v. Cover*. Cover involved a video depicting

an 11- to 13-year-old girl engaging in "oral to genital intercourse with a male." *United States v. Cover*, 800 F.3d 275, 279 (6th Cir. 2015). The court held there was insufficient evidence to support the sadism enhancement because there was "no indication that [the girl] was visibly pained or prepubescent." *Id.* at 280. Likewise, in the present case, there is insufficient evidence to support the sadism enhancement because there was no indication that MV1 was pained or prepubescent.

The panel's "underscore" of the object used also does not support its conclusion. The Government asserted the hairbrush handle was "made of hard plastic." The Government also emphasized the size of the hairbrush handle, describing it as "sizeable" at "around" three-quarters of an inch in width, one inch in height, and five inches in length.[4] Gov't Br. 29-30. The panel did not note the size or density of the hairbrush; it simply described the hairbrush handle as a plastic hairbrush handle.

The case law distinguishes between prepubescent and postpubescent girls for good reason. It is not uncommon for postpubescent girls to insert "hard plastic" tampon applicators

---

[4] The Government cited paragraph 24 of the PSR for these measurements, but the PSR does not contain any measurements. ROA.173 (PSR ¶ 24).

13

approximately the same size as the hairbrush handle into their vaginas. Consequently, an objective observer would have no reason to believe MV1's actions caused her pain.

Moreover, a hairbrush is a common and benign household item that is easily accessible to most teenagers. A hairbrush has no dangerous or violent connotations unlike, for example, a screwdriver. *Cf. United States v. Johnson*, 784 F.3d 1070, 1075-76 (7th Cir. 2015) (concluding depiction of girl inserting screwdriver handle into her own vagina was sadistic in part because of negative connotations associated with screwdriver, used "for applying force with a sharp and potentially dangerous point.").

Perhaps some individuals may believe it inappropriate for a 13 year- old girl to masturbate or self-penetrate using a hairbrush handle, but that is a subjective matter, based on personal feelings, beliefs, or opinions, not objective fact. As the Seventh Circuit thoughtfully noted in *Johnson*, "certainly there are circumstances where self [-]penetration by a foreign object would be within the realm of sexual exploration or self-pleasuring." *Id.* at 1075. An objective observer should not be influenced by personal feelings or opinions in considering facts, and as stated by the

Seventh Circuit, the Court should not opine on the "varied and creative sexual proclivities of even minor individuals." *Id.*

The panel's conclusion does not make sense unless it (1) considered circumstances outside the images making up the video, contrary to *Nesmith*, (2) attributed subjective beliefs, feelings, or opinions to the objective observer, contrary to *Nesmith*, or (3) concluded that a (i) a 13-year old girl would not masturbate with a hairbrush handle, or (ii) a 13-year old masturbating with a hairbrush handle would objectively cause physical or emotional pain, without any expert opinion or other authority to this effect. Otherwise, it is unclear how the panel concluded the Government met its burden to show an objective observer would have viewed a young teen self-penetrating with a hairbrush handle as inflicting pain rather than pleasure.

A proper application of *Nesmith* to the facts of this case would result in the conclusion that an objective observer would *not* perceive the video of the young teen apparently voluntarily masturbating using the handle of hairbrush, as causing the teen physical or emotional pain contemporaneously with the video's creation, and such conduct is not inherently sadistic or masochistic.

Because the panel erred by affirming the district court's application of the four-level enhancement for an offense involving material portraying "sadistic or masochistic" conduct, en banc review is requested.

## CONCLUSION

McGavitt respectfully requests rehearing en banc.

Respectfully submitted,

s/ Lewis Thomas
LEWIS THOMAS
CHERI THOMAS
Lewis Thomas Law PC
4801 Woodway Drive, Ste. 480E
Houston, Texas 77056
Tel.:  (281) 513-9880
Fax:  (713) 955-9662
lewisthomaslaw@gmail.com

*Attorneys for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I certify that on the 25th day of April 2022, I electronically filed the Petition for Rehearing En Banc with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Assistant United States Attorney Carmen Castillo Mitchell via electronic mail.

s/ Lewis Thomas
LEWIS THOMAS

# CERTIFICATE OF COMPLIANCE

1. This petition complies with the word limit of Fed. R. App. P. 35(b)(2)-(3) because this petition contains 3,275 words, excluding the parts of the petition exempted by Fed. R. App. P. 32(f). No petition for panel rehearing has been filed.

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook in body text and 12-point Century Schoolbook in footnotes.

3. This petition complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because the petition has been redacted of any personal data identifiers.

4. This petition complies with the electronic submission of 5th Cir. R. 25.2.1 because this petition is an exact copy of the paper document.

s/ Lewis Thomas
LEWIS THOMAS